UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARAGON 28, INC.,
a Colorado corporation,

    Plaintiff,

vs.

ALLIANT ENTERPRISES, LLC,
a Michigan limited liability company,

    Defendant.

Case No.

Hon.

# COMPLAINT

Plaintiff, Paragon 28, Inc. ("Paragon 28"), through its undersigned attorneys, Taft Stettinius & Hollister LLP, states as follows for its Complaint against Defendant Alliant Enterprises, LLC ("Alliant"):

## PARTIES, JURISDICTION, AND VENUE

1. Paragon 28 is a Colorado corporation with its principal place of business in Englewood, Colorado. Paragon 28 is a citizen of Colorado.

2. Alliant is a Michigan limited liability company. Upon information and belief, Alliant has the following members with the indicated states of citizenship:

    a. Bob Taylor, a citizen of Michigan.

198672425v1

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between entities that have complete diversity of citizenship.

4. Venue and personal jurisdiction are further proper in the United States District Court for the Western District of Michigan under 28 U.S.C. § 1391(b)(1) and (b)(2) because Alliant is a resident of Michigan and because a substantial part of the events or omissions giving rise to this claim occurred in the Western District of Michigan.

## **GENERAL ALLEGATIONS**

5. Paragon 28 is manufacturer of medical products, specifically focusing on products that assist medical providers, medical facilities and patients for procedures and surgeries related to the foot and ankle, amongst other things. Paragon focuses on core principles that drive innovation and quality, working to advance the science behind foot and ankle surgery.

6. Alliant is a distributor and seller of medical products, equipment and services, with a core focus in the government and federal sectors of the United States of America.

7. On or about October 1, 2016, Paragon 28 and Alliant entered into a Distribution Agreement[1] (the "Distribution Agreement"), attached as Exhibit A.

8. Pursuant to Section 1.a of the Distribution Agreement, Paragon 28 appointed Alliant as its "exclusive distributor to market and promote sales of Products to Customers…". In the Distribution Agreement, "Products" are defined to mean "commercially available products manufactured by Paragon…" and "Customers" are defined as:

> "…healthcare facilities owned or operated by the United States federal government, whether domestic or international and further defined to be Veteran's Affairs facilities, military installments or training facilities, Federal Bureau of Prison facilities, or Indian Health Services locations. In addition, Customers will include other hospitals that Paragon and Alliant mutually agree may be designated Customers."

9. Subject to the terms of the Distribution Agreement, the basic structure of distribution was that Alliant was responsible for selling Products to Customers. Alliant would then issue purchase orders to Paragon 28, which included the quantity of Products that were to be shipped to Customers. Paragon 28 would then arrange for the transportation and delivery of the Products that Customers purchased.

10. Subject to the terms in the Distribution Agreement between Paragon 28 and Alliant concerning reconciliation of cost, freight charges, delivery costs and

---

[1] Paragon 28 and Alliant executed one Amendment to Distribution Agreement (the "Amendment"), effective July 11, 2025, attached as Exhibit B. The Amendment effectively makes Alliant a non-exclusive, instead of exclusive, distributor under the Distribution Agreement.

delivery of the Products, Alliant was responsible for invoicing the Customers directly for the agreed upon amount ("Customer Invoice").

11. The Distribution Agreement further sets out in Sections 2(c.) and 2(d.): (1) that Alliant was responsible for issuing the Customer Invoice, for the agreed upon amount, (2) the percentage that Alliant would retain from the Customer Invoice, as consideration, and (3) the amount that Alliant would pay for the sale of the Products "and for the shipping and handling charges, if any, paid by the Customers."

12. Stated differently, after the sale of Products by Alliant to Customers, Alliant would retain a certain limited percentage of the Customer Invoice, then had an obligation to pay Paragon 28 (under the terms of the Distribution Agreement) the majority of the price the Products were sold for (the "Net Due Amount(s)"). Under the terms of the Distribution Agreement, Alliant is obligated to pay Paragon 28 the Net Due Amount(s) within thirty (30) days, following confirmation of receipt of the Products by the Customers.

13. As of March 4, 2026, Alliant has failed to pay the total amount of $3,117,615.25, which is due and owed to Paragon 28 for Net Due Amount(s) that have accumulated since, on or about, the beginning of January of 2025.

14. Alliant has wrongfully exercised control over the Net Due Amount(s) that is owed and owned by Paragon 28.

198672425v1

15. Alliant knows that the Net Due Amount(s) belong to Paragon 28, yet has converted the Net Due Amount(s) for its own person interests.

## COUNT I

## BREACH OF CONTRACT

16. Paragon 28 hereby restates and incorporates the allegations in the preceding paragraphs 1 through 15 as though fully set forth herein.

17. The Distribution Agreement, including the Amendment, is a valid and enforceable contract between Paragon 28 and Alliant.

18. Paragon 28 has complied with its obligations under the Distribution Agreement, including the Amendment, by performing the contracted for services and duties.

19. Alliant, however, has failed and refuses to pay Paragon 28 in accordance with the terms of the Distribution Agreement.

20. Alliant owes Paragon 28 $3,117,615.25, as of March 4, 2026.

21. Alliant's actions constitute a breach of the Distribution Agreement.

22. Paragon 28 has been damaged by Alliant's breach of the Distribution Agreement.

WHEREFORE Paragon 28, Inc., respectfully requests that this Court enter Judgment in its favor and against Defendant Alliant Enterprises, LLC in an amount exceeding $3,117,615.25, to be determined at trial, together with interest at the

maximum amount permitted by law, costs, attorney's fees, and all other and further relief as the court deems just and proper.

## COUNT II

## STATUTORY CONVERSION – MCL § 600.2919a

23. Paragon 28 hereby restates and incorporates the allegations in the preceding paragraphs 1 through 22 as though fully set forth herein.

24. Paragon has an absolute, unconditional right to immediate possession of the Net Due Amount(s) that were paid to Alliant by Customers.

25. Alliant's receipt and possession of the Net Due Amount(s) represent a distinct act of domain and conversion wrongfully exerted over Paragon 28's personal property.

26. Alliant has knowingly converted the due and owing Net Due Amount(s) for a purpose personal to its interests.

WHEREFORE Paragon 28, Inc., respectfully requests that this Court (a) enter Judgment in its favor and against Defendant Alliant Enterprises, LLC in an amount exceeding $3,117,615.25, to be determined at trial, together with interest at the maximum amount permitted by law, costs, attorney's fees, (b) treble the judgment amount against Alliant in accordance with MCL 600.2919a, and (c) all other and further relief as the court deems just and proper.

                                            Respectfully submitted,

                                            TAFT, STETTINIUS & HOLLISTER, PLLC

Dated: March 9, 2026            By:  */s/ R. Christopher Cataldo*
                                            R. Christopher Cataldo (P39353)
                                            Kyle S. Krywko (P67525)
                                            *(Petition for admission forthcoming)*
                                            27777 Franklin Rd., Ste 2500
                                            Southfield, MI 48034
                                            (248) 351-3000
                                            ccataldo@taftlaw.com
                                            kkrywko@taftlaw.com
                                            *Attorneys for Plaintiff*

198672425v1